## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

HENRY LEE POPE,

      Petitioner,

v.                                                      Case No. 1:23-cv-235-AW/MJF

GAINESVILLE POLICE DEPARTMENT and PUBLIC DEFENDER OFFICE,

      Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Because Plaintiff failed to comply with two court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On September 13, 2023, the undersigned ordered Plaintiff to file a complete application for leave to proceed *in forma pauperis*. Doc. 3. The undersigned explained that a complete application required: (1) a motion with supporting affidavit, (2) a prisoner consent form and financial certificate, and (3) a copy of Petitioner's trust fund account statement showing all of the transactions in Petitioner's inmate trust account for

the six-month period immediately preceding the commencement of this suit. The undersigned imposed a deadline of October 13, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff did not comply with that order.[1]

On October 27, 2023, the undersigned ordered Plaintiff to show cause why he failed to comply with the order of September 13, 2023. Doc. 6. The undersigned also ordered Plaintiff to pay the $5.00 fee or *properly* file an application for leave to proceed *in forma pauperis*. *Id.* The undersigned provided Plaintiff until November 10, 2023, to comply with that order.

On November 7, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis*. Doc. 7. Because it was evident that Plaintiff—not an authorized jail official—completed the Prisoner Consent Form and Financial Certificate and Plaintiff did not include a copy of his inmate trust account statement, the undersigned denied that motion. Furthermore, Plaintiff has offered no explanation for his failure to

---

[1] On October 16, 2023, Plaintiff filed commissary deposit slips. Doc. 4.

submit a properly completed application for leave to proceed *in forma pauperis*.

## II.  DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). Plaintiff has not shown good cause and has offered no excuse for his failures. Accordingly, dismissal of this civil action is appropriate.

## III. CONCLUSION

Because Plaintiff failed to comply with court orders the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 4th day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**